FILED IN OPEN COURT
ON 8/3/11
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

JEW

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-229-1        (3)
NO. 5:11-CR-229-2        (3)
NO. 5:11-CR-229-3        (3)
NO. 5:11-CR-229-4        (3)
NO. 5:11-CR-229-5        (3)
NO. 5:11-CR-229-6        (3)
NO. 5:11-CR-229-7        (3)
NO. 5:11-CR-229-8        (3)
NO. 5:11-CR-229-9        (3)
NO. 5:11-CR-229-10       (3)
NO. 5:11-CR-229-11       (3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | I N D I C T M E N T |
| ) | |
| BARRY LEE MILLER          ) | |
| STACY FERRELL MAYO        ) | |
| AARON BRENT SIMMONS       ) | |
| RANDY MOORE               ) | |
| HEATHER MICHELLE WEBB     ) | |
|     a/k/a "Missy"         ) | |
| KEVIN HALPIN              ) | |
| WILLIAM PATRICK JERNIGAN  ) | |
| DAVID LEWIS               ) | |
| VALERIE AMBER SIMMONS     ) | |
| AMANDA SPENCER            ) | |
| STEPHANIE SMITH           ) | |
| ) | |

The Grand Jury charges that:

COUNT ONE

Beginning in or about December of 2008, the exact date
being unknown to the Grand Jury, and continuing up to and

1

including on or about the date of indictment in the Eastern District of North Carolina, and elsewhere, BARRY LEE MILLER, STACY FERRELL MAYO, AARON BRENT SIMMONS, RANDY MOORE, HEATHER MICHELLE WEBB, also known as "Missy," KEVIN HALPIN, WILLIAM PATRICK JERNIGAN, DAVID LEWIS, VALERIE AMBER SIMMONS, AMANDA SPENCER and STEPHANIE SMITH, the defendants herein, did knowingly, and intentionally, combine, conspire, confederate, agree and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute, dispense and possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

On or about February 8, 2010 in the Eastern District of North Carolina, DAVID LEWIS and STEPHANIE SMITH, the defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being

2

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about February 8, 2010, in the Eastern District of North Carolina, DAVID LEWIS and STEPHANIE SMITH, the defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about June 8, 2010 in the Eastern District of North Carolina, BARRY LEE MILLER and STACY FERRELL MAYO, the defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1) and Title 18, United States Code, Section 2.

3

## COUNT FIVE

On or about June 8, 2010, in the Eastern District of North Carolina, BARRY LEE MILLER and STACY FERRELL MAYO, the defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2.

## COUNT SIX

On or about June 14, 2010, in the Eastern District of North Carolina, HEATHER MICHELLE WEBB, also known as "Missy," the defendant herein, aiding and abetting another, did knowingly and intentionally possess equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2.

4

## COUNT SEVEN

On or about September 16, 2010, in the Eastern District of North Carolina, WILLIAM PATRICK JERNIGAN, the defendant herein, did knowingly and intentionally possess a listed chemical, to wit: pseudoephedrine, with the intent to manufacture a controlled substance, that being methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(1).

## COUNT EIGHT

On or about September 16, 2010, in the Eastern District of North Carolina, WILLIAM PATRICK JERNIGAN, the defendant herein, did knowingly and intentionally possess equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6).

## COUNT NINE

On or about September 16, 2010, in the Eastern District of North Carolina, WILLIAM PATRICK JERNIGAN, the defendant herein, knowingly possessed a firearm, that being a New England Arms .410 gauge shotgun having a barrel length of less than eighteen (18) inches or an overall length of less than twenty-six (26) inches in furtherance of a drug trafficking offense,

5

prosecutable in a court of the United States, as set forth in Count Seven of the Indictment, in violation of Title 18, United States Code 924(c).

## COUNT TEN

On or about September 16, 2010, in the Eastern District of North Carolina, the defendant, WILLIAM PATRICK JERNIGAN, knowingly possessed a firearm described as a .410 New England Arms shotgun, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT ELEVEN

On or about November 15, 2010, in the Eastern District of North Carolina, AARON BRENT SIMMONS, the defendant herein, did knowingly and intentionally possess equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6).

## COUNT TWELVE

On or about January 12, 2011, in the Eastern District of North Carolina, STEPHANIE SMITH, the defendant herein, aiding and abetting others, did knowingly and intentionally possess

6

equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about June 30, 2011, in the Eastern District of North Carolina, STEPHANIE SMITH, the defendant herein, did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOURTEEN

On or about June 30, 2011, in the Eastern District of North Carolina, DAVID LEWIS and STEPHANIE SMITH, the defendants herein, aiding and abetting each other, did knowingly and intentionally possess equipment, chemicals, products and material which may be used to manufacture a controlled substance or listed chemical, to wit: methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(6) and Title 18, United States Code, Section 2.

7

## CRIMINAL HISTORY ALLEGATIONS

As to the Criminal Indictment, for purposes of Title 21, United States Code, Sections 841(b) and 851, the defendant KEVIN HALPIN committed the violations alleged in the Criminal Indictment after one prior felony drug conviction, as defined in Title 21, United States Code, Section 802(44), had become final.

8

## FORFEITURE NOTICE

These defendants are given notice of the provisions of 21 United States Code, Section 853, that all of their interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses in Counts One through Fourteen of the indictment, the defendants shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One through Fourteen of the indictment and any property, real or personal, involved in such offenses, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

9

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL:

FOREPERSON

DATE: 08/02/2011

**REDACTED VERSION**
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

THOMAS G. WALKER
United States Attorney

BY   JENNIFER E. WELLS
Assistant United States Attorney

10